S12Q0631. WHITE v. STATE FARM FIRE AND CASUALTY COMPANY.

(728 SE2d 685)

MELTON, Justice.

In this case involving the interpretation and legality of a statute of limitations provision in an insurance contract, the United States Court of Appeals for the Eleventh Circuit certified the following two questions to this Court:

> (1) Did the Georgia Insurance Commissioner act within his legal authority when he promulgated Ga. Comp. R. & Regs. 120-2-20-.02, such that a multiple-line insurance policy providing first-party insurance coverage for theft-related property damage must be reformed to conform with the two-year limitation period provided for in Georgia's Standard Fire Policy, Ga. Comp. R. & Regs. 120-2-19-.01? (2) Is this action barred by the Policy's one-year limitation period?

For the reasons set forth below, we find that: (1) the Georgia Insurance Commissioner did not act within his legal authority and (2) this action is barred by the one-year limitation period in his insurance policy.

As presented by the Eleventh Circuit and revealed in the record, the facts of this case show that Ricardo White, a Georgia resident, purchased a homeowner's insurance policy from State Farm Fire and Casualty Company. The insurance policy was a first-party insurance contract that provided multiple-line coverage, including coverage for loss or damage caused by both fire and theft. The policy also contained

a limitation provision stating that a lawsuit against State Farm must be brought "within one year of the date of loss or damage."

After his home was burglarized in January 2008, within the period of coverage, White filed a claim for the loss of more than $135,000 in personal property. State Farm denied the claim based on its determination that White misrepresented material information in filing his claim. Waiting more than one year after his date of loss, White filed a June 2009 complaint against State Farm in state court alleging claims for breach of contract, bad faith, and fraud. State Farm removed the complaint to federal court based on diversity of citizenship and filed a Federal Rule 56 motion for summary judgment arguing, in part, that White's claims were barred by the policy's one-year limitation period. White countered that the policy's one-year limitation period violated Georgia law. White relied on the following Georgia regulation, effective to all insurance policies issued on or after June 2006:

> No property . . . insurance policy providing first party insurance coverage for loss or damage to any type of real or personal property shall contain a contractual limitation requiring commencement of a suit or action within a specified period of time less favorable to the insured than that specified in the "Standard Fire Policy" promulgated by the Commissioner in Chapter 120-2-19-.01 of these Rules and Regulations.

Ga. Comp. R. & Regs. r. 120-2-20-.02. Georgia's "Standard Fire Policy" provides, in pertinent part, that suit for recovery of a claim must be commenced within two years of the date of the loss. Ga. Comp. R. & Regs. r. 120-2-19-.01. In response to White's contentions, State Farm argued that the Commissioner, under the Georgia Constitution, lacked the constitutional authority to promulgate Rule 120-2-20-.02, making it unenforceable.

On June 15, 2010, the district court issued an order concluding that State Farm failed to demonstrate that the policy in fact contained a one-year limitation period. As a result, the court denied the insurer summary judgment on White's breach of contract claim. The court did, however, grant the insurer summary judgment on White's bad faith and fraud claims on other grounds. State Farm filed a motion for reconsideration, showing that it had mistakenly submitted an incomplete copy of the policy and resubmitted a copy that included the one-year limitation period. On August 16, 2010, the district court granted State Farm's motion for reconsideration. The

district court ruled that the policy's one-year limitation period violated Georgia law as it applied to fire coverage. Relying on the Georgia Court of Appeals's decision in *Fireman's Fund Ins. Co. v. Dean*, 212 Ga. App. 262, 265 (1) (441 SE2d 436) (1994), the court reformed the policy to conform with Georgia's Standard Fire Policy and, thus, extended the limitations period for fire coverage to two years. The district court further found, however, that the policy's one-year limitation period was still valid as it applied to coverage for theft-related damage. See OCGA § 33-32-1 (a). As a result, the court determined that White's breach of contract claim was untimely and granted summary judgment on that claim.

Thereafter, the district court's ruling was appealed to the Eleventh Circuit, which recognized that the outcome of this appeal hinges on the validity of Rule 120-2-20-.02 under Georgia law. Finding no direct precedent on this issue, the Eleventh Circuit asked this Court for guidance.

1. To answer the first proposed question, we must start with OCGA § 33-32-1 (a). This statute provides:

> No policy of fire insurance covering property located in this state shall be made, issued, or delivered unless it conforms as to all provisions and the sequence of the standard or uniform form prescribed by the Commissioner, except that, with regard to multiple line coverage providing other kinds of insurance combined with fire insurance, this Code section shall not apply if the policy contains, with respect to the fire portion of the policy, language at least as favorable to the insured as the applicable portions of the standard fire policy and such multiple line policy has been approved by the Commissioner.

The import of this statute is clear: multiple line policies are not required to adhere to the Standard Fire Policy promulgated by the Commissioner as long as the fire portion of the policy, not other portions relating to different coverage such as theft, has language at least as favorable to the insured as the Standard Fire Policy.

The next query necessarily becomes whether the Commissioner's Rule 120-2-20-.02 contradicts this statute, and, if so, which law controls. As stated above, Rule 120-2-20-.02 imposes the Standard Fire Policy's two-year statute of limitations on all property insurance policies providing first-party insurance coverage for loss or damage to any type of real or personal property. The effect is that all property loss coverage contained in multiple line insurance contracts, whether the loss is occasioned by fire or otherwise, must conform to the

requirements of the Standard Fire Policy. OCGA § 33-32-1 (a), however, indicates that the required terms of the Standard Fire Policy, which would include the two-year statute of limitations, must be incorporated *only* into the fire coverage provisions of a multiple line policy. As a result, Rule 120-2-20-.02 and OCGA § 33-32-1 (a) are contradictory with specific regard to multiple line policies.

In the case of this contradiction, OCGA § 33-32-1 (a) must control. While the Legislature has granted the Commissioner the authority to promulgate rules and regulations that are reasonably necessary to *implement* and *enforce* the insurance code,[1] the Commissioner does not have authority to contravene or rewrite the insurance code. Furthermore, the Legislature could not give him such power, as that would amount to an improper delegation of authority. Accordingly, the Commissioner exceeded his legal authority when he promulgated Ga. Comp. R. & Regs. r. 120-2-20-.02, such that a multiple-line insurance policy providing first-party insurance coverage for theft-related property damage must be reformed to conform with the two-year limitation period provided for in Georgia's Standard Fire Policy, Ga. Comp. R. & Regs. r. 120-2-19-.01.

2. Given the preceding discussion, it follows that the one-year statute of limitations on initiation of claims for theft coverage in White's insurance policy is enforceable and, unlike provisions for fire coverage, need not be reformed to comply with the two-year statute of limitations requirement of Ga. Comp. R. & Regs. r. 120-2-20-.02. Therefore, White's claim for theft coverage under his multiple line insurance policy is barred because he failed to initiate that claim within the policy's one-year statute of limitations provision.

*Questions answered. All the Justices concur.*

DECIDED JUNE 25, 2012.

*Donald Ellis*, for appellant.

*Swift, Currie, McGhee & Hiers, Pamela N. Lee, John W. Campbell*, for appellee.

---

[1] See OCGA § 33-2-9 (a) (2) (Commissioner has authority to promulgate rules and regulations that "are reasonably necessary to implement" Title 33 of the Georgia Code, titled "Insurance"); OCGA § 33-6-36 (Commissioner has authority to "promulgate rules and regulations necessary to implement and enforce the provisions of" Title 33, Chapter 6, Article 2 of the Georgia Code, titled "Unfair Claims Settlement Practices").