[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14028
_____

D.C. Docket No. 1:09-cv-01852-ODE

RICARDO WHITE,

Plaintiff - Appellant,

versus

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(September 11, 2012)

Before PRYOR and EDMONDSON, Circuit Judges, and HOPKINS,* District
Judge.


PER CURIAM:

This case involves a dispute about the enforceability -- under Georgia law --

_____

* Honorable Virginia Emerson Hopkins, United States District Judge for the Northern
District of Alabama, sitting by designation.

of an insurance policy's requirement that lawsuits against the insurance company be brought "within one year of the date of loss or damage."  The case returns to us after we certified these two questions to the Supreme Court of Georgia: (1) "Did the Georgia Insurance Commissioner act within his legal authority when he promulgated Ga. Comp. R. & Regs. 120-2-20-.02, such that a multiple-line insurance policy providing first-party insurance coverage for theft-related property damage must be reformed to conform with the two-year limitation period provided for in Georgia's Standard Fire Policy, Ga. Comp. R. & Regs. 120-2-19-.01?" and (2) "Is this action barred by the Policy's one-year limitation period?"  White v. State Farm Fire & Cas. Co., 664 F.3d 860, 865 (11th Cir. 2011).[1]

The Supreme Court of Georgia advises us that the answer is "no" to the first question, and "yes" to the second question.  White v. State Farm Fire & Cas. Co., 728 S.E.2d 685 (Ga. 2012).  In the light of these definite responses, we affirm the district court's grant of summary judgment in favor of State Farm.

AFFIRMED.

---

[1]The facts are set out in our initial opinion.  See White, 664 F.3d at 862-63.