A03A2134. McMANUS v. TURNER.
(596 SE2d 201)

ADAMS, Judge.

In this suit on a note, the sole question raised on appeal is whether the statute of limitation had run on the payee's claim, which depends on whether the note was accelerated.

On or about December 21, 1990, Old Ellis Pointe entered into a $300,000 promissory note, under seal, in favor of Mary Lou Cook.

---

Gregory D. McManus and Hugh Gilliam, officers of the corporation, guaranteed the note but not under seal. Twelve quarterly payments were required beginning March 15, 1991, and ending on December 15, 1993. The note contained an acceleration clause which Cook could exercise 15 days after notification of nonpayment.

The note was not paid, and the outstanding principal balance and unpaid interest became due on December 15, 1993. McManus admits he signed the guaranty and that he never made any payments on the note. Old Ellis Pointe was administratively dissolved in 1996.

In 1998, Cook filed suit against McManus on the 1990 guaranty. The parties filed cross-motions for summary judgment. McManus argued that the six-year statute of limitation had run on Cook's claim because the guaranty was not under seal and Cook had accelerated the note in 1991.[1] He submitted an affidavit from co-guarantor Gilliam in which Gilliam stated that Cook's attorney had told him in 1991 that the note was being accelerated.[2] Gilliam's affidavit states:

> During the summer of 1991 (before August), I was contacted on more than one occasion by an attorney named Maurice Hilliard, with whom I had previously dealt with on several occasions. At that time I spoke with Mr. Hilliard once on the telephone, and he told me that he was calling in connection with his representation of Mary Lou Cook for the collection of the Note. He told me that Mrs. Cook was concerned about the Note, and he notified me that the full amount of the note, plus interest, was immediately due and payable. Mr. Hilliard and I then discussed my inability to satisfy that debt at that time due to my financial condition.

But the trial court found that the evidence of acceleration was inadmissible hearsay. Accordingly, the statute of limitation began to run on December 15, 1993, the date the 1990 note became due and payable. The trial court therefore denied McManus's motion for summary judgment and granted Cook's as to McManus's liability; the court deferred consideration of the amount due and attorney fees. Later, following a bench trial, the trial court granted judgment against McManus in the sum of $729,608.21 plus $10,513 in attorney fees.

On appeal McManus only contends that the trial court erred by denying his motion for summary judgment based on a finding that

---

[1] The statute of limitation for simple contracts is six years under OCGA § 9-3-24, and it begins to run upon acceleration if a note is accelerated. See *Wall v. C & S Bank of Houston County*, 247 Ga. 216 (1) (274 SE2d 486) (1981).

[2] Gilliam is a named defendant but has not been served.

Gilliam's affidavit was inadmissible hearsay. Rather, McManus asserts, the affidavit is not hearsay, it constitutes an admissible verbal act, and it is the admission of Cook's agent. Accordingly, McManus urges, Cook's claim was time-barred. He does not challenge the amount of damages awarded.

It is well settled that evidence that would be inadmissible at trial is also inadmissible upon summary judgment. *HCP III Woodstock, Inc. v. Healthcare Svcs. Group*, 254 Ga. App. 242, 244 (562 SE2d 225) (2002). Furthermore, "[h]earsay, opinions, and conclusions in affidavits are inadmissible on summary judgment. [Cit.]" *Langley v. Nat. Labor Group*, 262 Ga. App. 749, 751 (1) (586 SE2d 418) (2003).

"Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). McManus first contends that the statement regarding acceleration of the note derives its value solely from the credit of Gilliam, the affiant, and not from the veracity and competency of Hilliard. He argues, "[t]he only issue requiring a credibility determination is whether or not [Hilliard made the statement] — a point on which Gilliam was competent to testify."

But McManus ignores a critical question that does turn on Hilliard's competency. McManus's argument is based on a conclusion that Hilliard was Cook's agent at the time of the statement. Yet there is no evidence in the record of that fact other than hearsay from Hilliard to that effect found in the same affidavit. "Where there is no evidence, however, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." *T & R Custom, Inc. v. Liberty Mut. Ins. Co.*, 227 Ga. App. 144, 145 (1) (488 SE2d 705) (1997). Accord *Oglesby v. Farmers Mut. Exchange*, 128 Ga. App. 387, 389 (6) (196 SE2d 674) (1973); *Greble v. Morgan*, 69 Ga. App. 641 (1) (26 SE2d 494) (1943). Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., *Process Posters v. Winn-Dixie Stores*, 263 Ga. App. 246, 250-251 (1) (587 SE2d 211) (2003).

McManus also argues that the statements in the affidavit are not hearsay because they constitute verbal acts, that is, the statements have "legal consequences independent of [their] truth or falsity." See generally Milich, Georgia Rules of Evidence, § 17.6 (2nd ed. 2002). McManus contends that the statements regarding acceleration of the note had legal consequences beyond their truth or falsity, i.e., they accelerated the note. But again, in order for Hilliard's statement to operate as an acceleration of the note, it must be shown that he was Cook's agent at the time, which has not been done.

Without any evidence of acceleration of the note, we find no error in the trial court's decision that the statute of limitation on Cook's claim had not run.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 2, 2004.

*Grant R. Brooker*, for appellant.
*Robert L. Kirby*, for appellee.