### A08A0077. ATLANTA GLASS, INC. et al. v. TUCKER.
(663 SE2d 272)

ANDREWS, Judge.

Atlanta Glass, Inc., Atlanta Marble Manufacturing, Inc., and Atlanta Kitchen, Inc. (hereafter "Atlanta, Inc.") appeal from the summary judgment granted to Steve Tucker, former president of Custom One Homes, LLC (hereafter "Custom"), on a personal guaranty of a credit line extended by Atlanta, Inc. to Custom.[1]

On appeal from the denial or grant of summary judgment, this Court must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

So viewed, it is not disputed that Custom was a builder of houses in the Atlanta area and, as such, contracted with a number of suppliers to provide items for its construction projects. Tucker was the chief executive officer of Custom, and Mark Beno was the chief financial officer. Beno would receive credit applications from suppliers, complete and sign them, and fax them back to the suppliers. He completed a two-page credit application for Atlanta, Inc., signed it for Custom, and faxed it back to Atlanta, Inc. on April 5, 2004. The applicant is identified as "Custom One Homes." Instead of filling out the first page of the application, Beno attached to it a pre-prepared sheet containing credit information for Custom, which he also signed and dated. Beno did not sign any personal guaranty for Tucker with regard to this credit application. Beno does not recall seeing the personal guaranty which Atlanta, Inc. claims was signed by Tucker and is the basis of the claim against him. Tucker does not recall signing the document.

Included in the record is a copy of a document titled "PERSONAL GUARANTY" which states, in pertinent part:

THIS GUARANTY given by _____(1)_____ ("Guarantor") to The Companies in order *******[2] Compa-

---

[1] Atlanta, Inc. obtained a default judgment against Custom.

[2] * indicates illegible printing.

nies to extent [sic] credit to, or otherwise become the creditor of _____(2)_____ (******** the "Debtor").
. . .

IN WITNESS WHEREOF, I have signed and sealed this guaranty this _____(3)_____ day of _____(4)_____.
Signature of Guarantor: _____(5)_____
Printed Name of Guarantor: _____(6)_____

In spaces (1) and (6) appears to be printed "Steve Tucker." An illegible signature appears in space (5) and the date of 27 April, 2004 is written in spaces (3) and (4). Space (2) is blank.

Tucker moved for summary judgment on the ground that the guaranty was fatally flawed in that it did not contain the name of the principal debtor, as required. OCGA § 13-5-30 (2); *Fontaine v. Gordon Contractors Bldg. Supply*, 255 Ga. App. 839 (567 SE2d 324) (2002).

The Statute of Frauds requires that a promise to answer for another's debt, to be binding on the promisor, "must be in writing and signed by the party to be charged therewith." OCGA § 13-5-30 (2). See *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984). This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee. *Schroeder*, 172 Ga. App. at 898 (2); *Roach v. C. L. Wigington Enterprises*, 246 Ga. App. 36, 37 (539 SE2d 543) (2000).

Atlanta, Inc. submitted the affidavit of Mitch Hires, its owner and operator, in opposition to the motion for summary judgment. That affidavit states, in pertinent part, that

[u]pon receipt of the credit application from Custom, . . . my employee, Cheryl Adams, credit manager for The Companies, requested that a personal guaranty be executed before The Companies were able to process the application for credit. Attached hereto and incorporated herein by reference . . . is a cover sheet sent to Custom . . . on April 9, 2004, April 13, 2004, April 19, 2004 and April 23, 2004.

There is no affidavit of Adams in the record, nor does Hires' affidavit supply the necessary information which would identify the cover sheet as a business record.

It is well settled that evidence that would be inadmissible at trial is also inadmissible upon summary judgment. *HCP III*

*Woodstock, Inc. v. Healthcare Svcs. Group*, 254 Ga. App. 242, 244 (562 SE2d 225) (2002). Furthermore, "[h]earsay, opinions, and conclusions in affidavits are inadmissible on summary judgment. [Cit.]" *Langley v. Nat. Labor Group*, 262 Ga. App. 749, 751 (1) (586 SE2d 418) (2003). "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a).

*McManus v. Turner*, 266 Ga. App. 5, 7 (596 SE2d 201) (2004).

As found by the trial court, the guaranty relied upon is inadequate in that it does not identify the principal debtor. *McDonald v. Ferguson Enterprises*, 274 Ga. App. 526 (1) (618 SE2d 45) (2005).

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED JUNE 4, 2008.

*David J. Merbaum*, for appellants.

*Jones & Walden, Leon S. Jones, Cameron M. McCord*, for appellee.