**WHOLE COURT**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 28, 2014**

# In the Court of Appeals of Georgia

A13A1790. GREENSTEIN et al. v. BANK OF THE OZARKS.

A13A1791. CEP-TEN MILE RESORTS et al. v. BANK OF THE OZARKS.

McFADDEN, Judge.

After CEP-Ten Mile Resorts, LLC defaulted on two loans, Bank of the Ozarks (hereinafter, the "Bank") brought an action against it and several other defendants to enforce the two promissory notes and several guaranties associated with the loans. The Bank moved for summary judgment, and some of the defendants also moved for summary judgment. The trial court denied those defendants' motions and granted summary judgment to the Bank against all of the defendants. These appeals followed.

In Case No. A13A1790, defendants Greg W. Greenstein, Jeffrey P. Goldstein, Gold.Net, Inc. and Green State, LLC (collectively, the "Greenstein Defendants") appeal from the trial court's order granting summary judgment to the Bank. They

correctly argue that the Bank failed to demonstrate that it was the real party in interest entitled to enforce the notes and guaranties. Accordingly, we reverse the judgment in Case No. A13A1790. Given this disposition, we do not address the Greenstein Defendants' other claim of error regarding the amounts that they allegedly owed under the notes and guaranties.

In Case No. A13A1791, defendants CEP-Ten Mile Resorts, LLC, Philip H. Weener, Eric J. Nathan, J. David Jones, Jr., J. David Jones, Inc., Commercial Equity Partners, Ltd., Three Martini Partners, LLC and CEP Investments, LLC (collectively, the "CEP-Ten Defendants") appeal from the trial court's order granting summary judgment to the Bank and denying their cross-motion for summary judgment. Unlike the appellants in Case No. A13A1790, the CEP-Ten Defendants do not challenge on appeal the evidence that the Bank was the real party in interest. Instead, they argue that the parties' choice of Georgia law to govern the promissory notes and guaranties required the Bank to comply with Georgia's statutory confirmation procedures following foreclosure of the real property securing the loans at issue, and that the Bank's failure to do so precluded it from obtaining summary judgment. As detailed below, this argument provides no ground for reversal because Georgia law does not require confirmation in this case.

The CEP-Ten Defendants, however, also claim that the trial court erred in its ruling on the amounts that the Bank could recover under the notes and guaranties. Because it is not clear from the trial court's order whether the trial court awarded summary judgment to the Bank on the amount it could recover, we vacate the order in Case No. A13A1791 and remand the case for further proceedings not inconsistent with this opinion.

1. *Facts and procedural posture.*

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "On a motion for summary judgment the plaintiff, as movant, has the burden of establishing the absence or non-existence of any defense raised by the defendant." *City of Fayetteville v. Fayette County*, 171 Ga. App. 13, 14 (2) (318 SE2d 757) (1984) (citations omitted). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. *Secured Realty Investment v. Bank of North Ga.*, 314 Ga. App. 628 (725 SE2d 336) (2012).

So viewed, the evidence shows the following. The Bank seeks to enforce two promissory notes. The first note, dated November 22, 2006, reflects CEP-Ten Mile Resorts's promise to repay a loan from Farmers and Merchants Community Bank in

3

the amount of $3,700,000.00. The other defendants in both cases each guarantied this loan, which was secured by real property located in Tennessee. The second note, dated May 28, 2008, reflects CEP-Ten Mile Resorts' promise to repay a loan from First Choice Community Bank 1874 in the amount of $171,970.41. Again, each of the other defendants guarantied this loan, which also was secured by the Tennessee property. It is undisputed that the several notes and guaranties are governed by Georgia law. They provide either that they are to be governed by Georgia law or by the law of the state in which they were executed, and the parties appear to agree that they were all executed in Georgia.

CEP-Ten Mile Resorts defaulted. The Bank foreclosed, alleging that it was the successor in interest to the lenders on both notes. It employed a nonjudicial foreclosure process in Tennessee. It then brought this Georgia deficiency action on the notes against CEP-Ten Mile Resorts and the guarantors, and moved for summary judgment. Although similarly situated, the two groups of defendants adopted different strategies.

The Greenstein Defendants argued that the Bank failed to show that it was the original lenders' successor in interest. They also argued that the Bank failed to prove the amounts owed under the notes.

4

The CEP-Ten Defendants filed a cross-motion for summary judgment on the ground that, because the Bank did not follow statutory confirmation procedures set forth in OCGA § 44-14-161 in foreclosing upon the Tennessee property, it could not seek to recover a deficiency judgment on the promissory notes. In their opposition to the Bank's motion for summary judgment, they also incorporated the arguments made by the Greenstein Defendants.

The trial court granted summary judgment to the Bank against all of the defendants and denied the CEP-Ten Defendants' cross-motion for summary judgment. As to the defendants' liability to the Bank, the trial court held, among other things, that the Bank had established that it was the holder of the notes and guaranties and that Georgia law did not require confirmation proceedings following the foreclosure of out-of-state property. Although the trial court also held that "the Bank has proven the amounts owed under the [n]otes and associated [g]uaranties," it granted summary judgment to the Bank "on liability only."

*Case No. A13A1790 (Greenstein Defendants).*

2. *The Bank's interest in prosecuting the action.*

"Every action shall be prosecuted in the name of the real party in interest." OCGA § 9-11-17 (a). Below and on appeal, the Greenstein Defendants have argued

5

that the Bank was not entitled to summary judgment because it had not established its status as the real party in interest, in that it had not presented admissible evidence that it was the successor in interest to the original lenders, Farmers and Merchants Community Bank and First Choice Community Bank 1874. See *Sawgrass Builders v. Key*, 212 Ga. App. 138 (1) (441 SE2d 99) (1994) (reversing grant of summary judgment to plaintiffs in breach of contract action, to which defendants asserted real-party-in-interest defense, because plaintiffs "failed to present any evidence establishing their status as the current holders of an interest in the contract at issue"). We agree.

The Bank attempted to show that it was the successor in interest of the original lenders through the affidavit of one of its special asset managers, Frank Felker. In his affidavit, Felker testified that Farmers and Merchants Community Bank had changed its name to First Choice Community Bank 1874 in 2007; that First Choice Community Bank 1874 had merged into First Choice Community Bank in 2010; that First Choice Community Bank had closed and the Federal Deposit Insurance Corporation ("FDIC") had been appointed its receiver; and that the FDIC had transferred First Choice Community Bank's assets to the Bank under a purchase and assumption agreement.

6

The Greenstein Defendants argue that the above-cited portions of the Felker affidavit do not demonstrate the Bank's status as the real party in interest because they are not admissible evidence. "It is well settled that evidence that would be inadmissible at trial is also inadmissible upon summary judgment." *Atlanta Glass v. Tucker*, 291 Ga. App. 760, 761 (663 SE2d 272) (2008) (citation omitted). This includes hearsay testimony. Id. at 762.

We do not find merit in all of the Greenstein Defendants' challenges to Felker's affidavit testimony. As to the closure of First Choice Community Bank, the appointment of the FDIC as receiver, and the transfer of First Choice Community Bank's assets to Appellee Bank of the Ozarks, his testimony was admissible. Felker referred to and attached to his affidavit the purchase and assumption agreement between the FDIC and the Bank, which contained this information, and he established in his affidavit a sufficient foundation for the admission of the purchase and assumption agreement as a business record under OCGA § 24-8-803 (6). See *Heritage Constr. Corp. v. State Bank & Trust Co.*, 316 Ga. App. 25, 27 (728 SE2d 703) (2012); *Kensington Partners v. Beal Bank Nevada*, 311 Ga. App. 196, 197 (1), (2) (715 SE2d 491) (2011).

But Felker's affidavit testimony regarding two of the other links between the original lenders and the Bank – the 2007 name change from Farmers and Merchants Community Bank to First Choice Community Bank 1874 and the 2010 merger of First Choice Community Bank 1874 into First Choice Community Bank – is inadmissible. It does not meet the statutory requirements for an affidavit supporting summary judgment. OCGA § 9-11-56 (e) requires that such an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated within." Felker stated in his affidavit that its contents were based on his personal knowledge. But

> while a statement in an affidavit that it is based upon personal knowledge is generally sufficient to meet the requirement that affidavits be made upon such knowledge, if it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment.

*Goddard v. City of Albany*, 285 Ga. 882, 887 (6) (684 SE2d 635) (2009) (citation omitted). Accord *Jackson v. Cavalry Portfolio Svcs.*, 314 Ga. App. 175, 177 (723

8

SE2d 475) (2012); *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 811 (374 SE2d 544) (1988).

It does not affirmatively appear that Felker's affidavit testimony regarding the 2007 name change and the 2010 merger was made upon his personal knowledge. The affidavit gave "no indication whether the 'personal knowledge' was gained through personal involvement with the matter, whether it was gained from others, or whether it was merely based upon review of [documents]." *Sullivan v. Fabe*, 198 Ga. App. 824, 828 (3) (403 SE2d 208) (1991) (citations omitted). See also *Morris-Bancroft Paper Co.*, 188 Ga. App. at 811 (it could not be ascertained from affidavit which facts were "conclusively based upon the affiant's personal knowledge and which of them may be based merely upon information that he received, in his capacity as appellant's president, from a source other than his own personal knowledge") (citations omitted). Although the dissent assumes that Felker obtained the knowledge from bank records, Felker neither identified any records as the source of his knowledge nor attached to his affidavit any records addressing the name change or the merger. See *Taquechel v. The Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991) (finding affidavit insufficient where it was based in part on records that were neither attached to affidavit nor included in record and clearly identified by affidavit). Nor does his

9

affidavit establish a basis for the admission of any such unidentified documents as business records. Cf. *Angel Business Catalysts v. Bank of the Ozarks*, 316 Ga. App. 253, 255-256 (1) (728 SE2d 854) (2012) (discussing basis upon which, under former evidence code, business records from former bank could be admitted in action brought by successor bank).

Furthermore, nothing in the record suggests that Felker learned of the name change and merger through personal involvement with those events. See *Langley v. Nat. Labor Group*, 262 Ga. App. 749, 752 (1) (586 SE2d 418) (2003) (finding that statements in affidavit were inadmissible hearsay because, "although reciting that it was made upon personal knowledge, the affidavit does not reflect that [affiant] was present in the context of the facts"). There is no evidence that he was associated with Farmers and Merchants Community Bank, First Choice Community Bank 1874 or First Choice Community Bank at the time of those events. Compare *Angel Business Catalysts*, 316 Ga. App. at 255 (affiant held same position in former bank that he held in successor bank). To the contrary, he testified in his deposition that, before joining Bank of the Ozarks, he worked at a different institution – Unity National Bank.

Under these circumstances, and "giving the [Greenstein Defendants] the benefit of any doubts arising from this evidence, we must conclude that [Felker's]

10

information about [the name change and merger] did not come from his personal knowledge." *Sullivan*, 198 Ga. App. 828 (3) (citation omitted). Consequently, those portions of Felker's affidavit concerning the name change and merger cannot be considered in determining the Bank's entitlement to summary judgment. *Goddard*, 285 Ga. at 887 (6); *Sullivan*, 198 Ga. App. at 829 (3).

Without the assertions in the Felker affidavit, the Bank did not present any evidence to show either that Farmers and Merchants Community Bank changed its name to First Choice Community Bank 1874 or that First Choice Community Bank 1874 merged into First Choice Community Bank. Consequently, the Bank has not shown that First Choice Community Bank had a right to enforce the promissory notes. See OCGA § 11-3-301 (providing that person entitled to enforce instrument means, pertinent to this case, holder of instrument or nonholder in possession of instrument who has rights of holder); see also OCGA § 11-1-201 (20) (a) (defining "holder" to mean, pertinent to this case, person in possession of negotiable instrument payable "to an identified person *that is the person in possession*") (emphasis supplied). For that reason, the Bank has not shown that it obtained any right to enforce the promissory notes as a transferee of those instruments under OCGA § 11-3-203 (b)

11

(providing that a transferee of an instrument obtains "any right *of the transferor* to enforce the instrument") (emphasis supplied).

Accordingly, the Bank did not demonstrate that, by purchasing the assets of First Choice Community Bank, it became the successor-in-interest to either Farmers and Merchants Community Bank or First Choice Community Bank 1874. Because "the burden of proof was upon the plaintiff [Bank], as movant for summary judgment, to show [its entitlement to enforce the promissory notes]," *Bulloch County Bank v. Dodd*, 226 Ga. 773, 775 (2) (177 SE2d 673) (1970) (citation omitted), and the Bank did not meet this burden, it was not entitled to summary judgment on the promissory notes that CEP-Ten Mile Resorts had made to Farmers and Merchants Community Bank and First Choice Community Bank 1874, or on the guaranties associated with those notes. See *Green v. Cavalry Portfolio Svcs.*, 305 Ga. App. 843-844 (700 SE2d 741) (2010) (reversing grant of summary judgment to plaintiff in suit on automobile sales contract because there was no evidence of a link in the chain of written assignments necessary to establish plaintiff was real party in interest); *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489-491 (685 SE2d 433) (2009) (reversing grant of summary judgment to plaintiff in action on open account where there was no evidence establishing links between original lender and plaintiff that would show plaintiff was

12

real party in interest); *Ponder v. CACV of Colorado*, 289 Ga. App. 858, 859 (658 SE2d 469) (2008) (reversing summary judgment to plaintiff in action on debt where record lacked evidence supporting plaintiff's allegation that it was successor in interest to right to recover on debt). Under these circumstances, the Greenstein Defendants had no obligation to come forward with evidence to establish their defense. See *City of Fayetteville*, 171 Ga. App. at 14 (2).

Our decision in *Capital City Developers v. Bank of N. Ga.*, 316 Ga. App. 624 (730 SE2d 99) (2012), to which the trial court cited in granting summary judgment, is inapposite. While that decision discusses the prima facie case a plaintiff must make in an action on a promissory note, the defendant in that case did not challenge the plaintiff's prima facie case, and the decision does not address the issue of a plaintiff that was not a real party in interest. See id. at 625 (1).

Accordingly, we reverse the trial court's grant of summary judgment to the Bank in Case No. A13A1790.

3. *Amounts owed to the Bank.*

In light of our reversal of the grant of summary judgment to the Bank in this case, we need not address the Greenstein Defendant's other claim of error, which concerns the trial court's ruling on the amounts they allegedly owed the Bank.

13

*Case No. A13A1791 (CEP-Ten Defendants).*

4. *Confirmation proceedings.*

Unlike Case No. A13A1790, Case No. A13A1791 does not involve an appellate challenge to the Bank's evidence that it was the real party in interest. Instead, the CEP-Ten Defendants argue that the trial court erred in granting summary judgment to the Bank because the Bank failed to comply with Georgia's statutory confirmation procedures before obtaining the judgment, despite choice of law provisions that applied Georgia law to the promissory notes and guaranties. We find no merit in this argument.

While it is true that, under their terms, the notes and guaranties are to be construed under Georgia law, Georgia law did not require confirmation in this case. Georgia's confirmation statute, OCGA § 44-14-161 (a), provides that no action may be taken to obtain a deficiency judgment on a loan secured by real property unless, within thirty days after the foreclosure sale on the property, the person instituting foreclosure proceedings obtains confirmation of the sale from the superior court of the county in which the land is located. But we have repeatedly held that OCGA § 44-14-161 (a) does not apply where, as here, the property foreclosed upon is not located in the state of Georgia. See, e.g., *Kelly v. American Fed. Sav. & Loan Assn.*, 178 Ga.

14

App. 542, 543 (2) (343 SE2d 755) (1986); *Tally v. Atlanta Nat. Real Estate Trust*, 146 Ga. App. 585, 588 (1) (246 SE2d 700) (1978) (interpreting predecessor to OCGA § 44-14-161 (a)); *Colodny v. Krause*, 141 Ga. App. 134, 136 (3) (232 SE2d 597) (1977) (interpreting predecessor to OCGA § 44-14-161 (a)); *Goodman v. Nadler*, 113 Ga. App. 493, 495 (1) (148 SE2d 480) (1966) (interpreting predecessor to OCGA § 44-14-161 (a)).

Instead, in such instances, "the obtention of a deficiency judgment in a Georgia court against owners of foreclosed property after a foreclosure in another state is governed by the laws of the state where the foreclosure occurred. If confirmation is not required under that state's law, it is not required in Georgia." *Kelly*, 178 Ga. App. at 543 (2) (citations omitted). The statutes of Tennessee, where the property at issue is located, do not contain a confirmation requirement. See generally Tenn. Code Ann. §§ 35-5-101 through 35-5-118. The CEP-Ten Defendants have cited no authority showing that confirmation is otherwise required under Tennessee law, and we have found none. Accordingly, their argument that the Bank failed to obtain confirmation of the Tennessee foreclosure sale presents no ground for reversing the grant of summary judgment to the Bank.

5. *Amounts owed to the Bank.*

The CEP-Ten Defendants also argue that the trial court erred in its ruling on the amounts that the Bank could recover under the promissory notes and guaranties. The trial court's order, however, does not clearly grant summary judgment on this issue. At one place in the order, the trial court states that he "finds the Bank has proven the amounts owed under the [n]otes and associated [g]uaranties." At another place, however, the trial court states that he grants the Bank's motion for summary judgment "on liability only."

Given this ambiguity, we vacate the order granting summary judgment in Case No. A13A1791 and remand the case to the trial court for the entry of an order that reflects the issues upon which the trial court finds summary adjudication appropriate in this case, or for other proceedings not inconsistent with this opinion.

*Judgment reversed in Case No. A13A1790. Barnes, P.J., Ellington, P.J., and Boggs, J., concur; Phipps, C.J., Doyle, P.J., and Branch, J., dissent. Judgment vacated and case remanded with direction in Case No. A13A1791. Phipps, C.J., Barnes, P.J. Ellington, P.J., Doyle, P.J., Boggs and Branch, JJ., concur.*

A13A1790. GREENSTEIN et al. v. BANK OF THE OZARKS.      XX - 089

A13A1791. CEP-TEN MILE RESORTS et al. v. BANK OF THE   XX - 090

   OZARKS.

DOYLE, Presiding Judge, concurring in part and dissenting in part.

I concur fully with all that is said in Case No. A13A1791.

I dissent in Case No. A13A1790 because I disagree with the majority's conclusion in Division 2. I believe that the Bank presented sufficient evidence to establish that it is entitled to enforce the notes and guaranties.

As an initial matter, based on the documents and on Felker's affidavit, the Bank has established that it is the real party in interest as a transferee of the notes and guaranties.[1]

---

[1] See OCGA §§ 11-3-203 (b) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course"), 11-3-301; *Lee v. Muller*, 200 Ga. App. 139, 140 (1) (407 SE2d 108) (1991) (explaining the difference of a transfer of an instrument and the negotiation of an instrument); *Northeast Factor & Discount Co. v. Mortgage Investments, Inc.*, 107 Ga. App. 705 (131 SE2d 221) (1963) ("transfer for value, without indorsement, vests in the transferee such title as the transferor had, and the transferee may bring suit thereon in his own name");

17

Moreover, the Greenstein Defendants failed to establish a genuine issue of material fact as the Bank's right to enforce the notes and guaranties. Contrary to the conclusion of the majority, Felker's affidavit, which was based "upon [his] personal knowledge" is sufficient to support the trial court's finding that the Bank presented evidence that it has present title to the notes and guarantees and was authorized to enforce them. Felker averred as the Bank's employee that "[o]n March 7, 2007, [Farmers & Merchants] changed its name to First Choice Community Bank 1874"; and "[o]n March 26, 2010[,] First Choice 1874 merged with First Choice Community Bank, and First Choice thereby succeeded to the rights of First Choice 1874." As a current employee of the Bank, which succeeded in interest to the business records of First Choice, Felker was competent to testify as to information contained in the Bank's records in the present case.[2] The Greenstein Defendants did not respond to

*Robbins v. Welfare Financial Corp*, 95 Ga. App. 90, 92 (1) (96 SE2d 892) (1957) (transferee of a negotiable instrument may effectuate suit in its own name even without evidence of a written assignment or endorsement of the instrument by named payee).

[2] See, e.g., *Phillips v. Mortgage Electronic Registration Systems, Inc.*, Case No. 09-CV-2507 at *7-*14 (II) (D.C. N.D. Ala., decided Apr. 5, 2013) (employee of successor institution may competently testify to personal knowledge garnered from documents received from predecessor institution in order to fulfill summary judgment requirements). See also *United States v. Jakobetz*, 955 F.2d 786, 801 (2nd Cir. 1992) (stating that "[e]ven if the document is originally created by another entity, its creator

18

those statements with any significant claim that the notes and guarantees were negotiated, transferred, or assigned to any entity outside the Farmers/First Choice 1874/First Choice chain prior to the FDIC's receivership of First Choice's assets or that the notes or guarantees were paid in full or released prior to the suit. Instead the Greenstein Defendants made only the bald assertion that sufficient evidence was not presented.[3] Such an assertion did not meet the requirement of OCGA § 9-11-56 (c) sufficient to create a dispute as to whether the Bank, as the current entity in physical possession of the instrument with evidence of successor rights to the title of First

_____

need not testify when the document has been incorporated into the business records of the testifying entity"); *United States Bank Nat. Assoc. v. American Screw & Rivet Corp.*, Case No. 09-C-7312 (D.C. N. Ill., Aug. 10, 2010) (order granting summary judgment finding that employee of receiving bank who acquired assets through the FDIC was competent to offer testimony under Fed. R. Evid. 803 as to the failed bank's records); *In re: Trafford Distributing Center, Inc.*, 414 B. R. 858, 862 (1) (U.S.B.C. S.D. Fla., Sept. 1, 2009) ("Personal knowledge can come from review of the contents of business files and records.") (punctuation omitted).

[3] Of the numerous guarantors, only the Greenstein Defendants contested the Bank's standing as the real party in interest, not because there is any real question that the name change and merger took place, but instead by interposing generic responses to the Bank's Statement of Material Facts Not in Dispute "that [the Bank] has [failed to] establish [these facts] through the proper submission of evidence into the record." While a plaintiff is required to prove its case, here, where the Greenstein Defendants admitted in their answers that CEP-TEN signed the first and second promissory notes and that they signed the first and second guaranties, these tactics appear interposed to delay payment of a legitimate debt rather than as an actual challenge to the evidence.

19

Choice's assets, is not entitled to enforce the instrument. "'Although an opposing party is entitled to the benefit of reasonable inferences, an inference cannot be based on mere conjecture or probability, or on evidence that is too uncertain or speculative.'"[4]

I am authorized to state that Chief Judge Phipps and Judge Branch join in this dissent.

---

[4] *Dew v. Motel Properties, Inc.*, 282 Ga. App. 368, 373 (2) (638 SE2d 753) (2006).