**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**July 1, 2021**

# In the Court of Appeals of Georgia

A21A0545. CROSS et al. v. WILMINGTON TRUST, NATIONAL ASSOCIATION, SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2.

PIPKIN, Judge.

Wilmington Trust, National Association, Solely as Trustee for MFRA Trust 2014-2 ("Wilmington" or "Appellee") sued Carlton Cross and Rhonda Cross (collectively "the Crosses" or "Appellants") – who own a piece of property as joint tenants – seeking to reform a security deed on the grounds of mutual mistake, declaratory judgment, equitable relief and equitable subrogation.[1] Wilmington moved for partial summary judgment on the declaratory judgment and equity claims; which the trial court granted on the declaratory judgment claim only, concluding that

---

[1] This action was originally filed by Pennymac Loan Trust 2011-NPL1 on May 30, 2018. On April 30, 2019, Wilmington was substituted as plaintiff and Wilmington filed an amended complaint on May 1, 2019.

Wilmington was entitled to a declaration that its purchase money security deed is a first priority lien against the entirety of the property at issue, including the interest of Carlton Cross. On appeal, the Crosses argue that the trial court erred in granting summary judgment because (1) there are material facts in dispute; (2) the affidavits Appellee submitted in support of summary judgment fail to comply with OCGA § 9-11-56 (e); and (3) laches precludes relief.[2] For the reasons set forth below, we reverse.

> A trial court may grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *GMAC Mtg., LLC v. Pharis*, 328 Ga. App. 56, 57 (761 SE2d 480) (2014).

Construing the evidence and all inferences and conclusions therefrom most favorable to the Crosses as the non-moving party, the record shows that Carlton and Rhonda Cross purchased the property at issue, 2304 Malloy Circle, Conyers, Georgia (the "Property") on October 19, 2007 from VFS Residential Properties, Inc. Rhonda

---

[2] We have combined the Crosses' related claims of error and taken them out of the order in which Appellant has listed them. See, e.g., *Foster v. Morrison*, 177 Ga. App. 250, 250 (1) (339 SE2d 307) (1985).

Cross secured a loan ("Purchase Money Loan") for $494,000 for the purchase of the Property through Bayrock Mortgage. Rhonda Cross was the sole applicant and borrower on the loan; on October 19, 2007, she executed a security deed in favor of Mortgage Electronic Registration Systems, Inc ("MERS") as nominee for Bayrock ("Security Deed"). The Security Deed was prepared by Bayrock and recorded on October 24, 2007.[3] While the warranty deed conveyed title to the Crosses jointly, Carlton Cross was not a party to the Security deed, ostensibly leaving Appellee with a security interest in only Rhonda Cross's half of the Property.

1. Appellants argue that the affidavits in support of Wilmington's motion for summary judgment were not based on personal knowledge as required by OCGA § 9-11-56 (e).

OCGA § 9-11-56 (e) governs the use of affidavits on summary judgment and provides in relevant part, "[s]upporting and opposing affidavits shall be made on

---

[3] The Security deed appears to have been assigned a number of times. Wilmington attached as exhibits to its amended complaint, multiple assignments of mortgage, purporting to transfer the Purchase Money Loan and Secuity Deed. On September 11, 2012, it was transferred from MERS to PNMAC Mortgage Co., effective June 7, 2010, and from PNMAC Mortgage Co. LLC to PennyMac Loan Trust, also effective June 7, 2010. On December 15, 2017, it was transferred from PNMAC to Wilmington, in an assignment that was recorded January 19, 2018. The record does not reflect an assignment from PennyMac back to PNMAC.

3

personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In support of its motion for summary judgment, Wilmington submitted affidavits of Ed Downs, the closing agent for the Purchase Money Loan and Naomi Booker, a foreclosure specialist.

a. Downs' affidavit affirmatively states that it is made upon personal knowledge. This statement is generally sufficient to meet the requirements of OCGA § 9-11-56 (e). *Langley v. National Labor Group, Inc.*, 262 Ga. App. 749, 751 (1) (586 SE2d 418) (2003). Additionally, Downs avers that he acted as the closing agent for the closing of the Purchase Money Loan and several exhibits attached bear the name of his law firm and/or Downs' signature. Accordingly, we find no error in the admission of the Downs affidavit.

b. We look next to the Booker affidavit. Unlike the Downs affidavit, Booker's affidavit does not state that it is based on personal knowledge. Quite the opposite, it avers that it is made upon "knowledge gained from review of the Complaint and all of its incorporated exhibits, as well as the loan history" of Wilmington for the loan at issue, and that she is employed as a "foreclosure specialist" for Fay Servicing. The affidavit does not include her job description or otherwise indicate that she is familiar

4

with the lending practices of Bayrock, nor does it explain how Fay Servicing is connected to this legal action.[4] Yet, along with several other conclusions, Booker avers that "[t]he Purchase Money Loan was advanced by Bayrock with the understanding that Bayrock would be obtaining a valid first priority lien on the entirety of the Property, including the interest of Mr. Cross;" that "[t]he Purchase Money Loan would not have been advanced without being provided, in exchange, a valid first priority purchase money security interest on the entirety of the Property;" and that "[b]ut for the Purchase Money Loan, Mr. and Ms. Cross would not hold title to the Property."

"Although an affidavit need not expressly state that it is based on personal knowledge, it must at least reflect that its contents are rooted in the affiant's personal knowledge and observation." *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 748 (1) (527 SE2d 36) (1999).

> [I]f it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment.

---

[4] Both parties' briefs refer to Fay Servicing as the servicer of the Purchase Money Loan.

> Affidavits which simply repeat hearsay are not based on personal knowledge and have no probative value. As such, they are inadmissible in summary judgment proceedings.

(Citations and punctuation omitted.) *Langley*, 262 Ga. App. at 751-752 (1).

Booker's affidavit is clearly a recitation of the allegations and conclusions contained in the complaint and nothing about the contents of the affidavit indicate that Booker has personal knowledge of the statements contained therein. While business records are generally an exception to the hearsay rule, see *D'Agnese v. Wells Fargo Bank*, 335 Ga. App. 659, 662 (782 SE2d 714) (2016), nothing in the Booker affidavit reflects that the documents attached are business records or that she is a records custodian or otherwise familiar with the record keeping practices of Bayrock, Wilmington, or Fay Servicing. Accordingly, we find that Booker's affidavit does not meet the personal knowledge requirement of OCGA § 9-11-56 (e) and is not competent evidence to support Wilmington's summary judgment motion. See *JPMorgan Chase Bank v. Cronan*, 355 Ga. App. 556, (1) (b) (845 SE2d 298) (2020) (affidavit based on review of documents without explanation of job description to establish knowledge of business practices was properly excluded); *Aquanaut Diving & Eng., Inc. v. Guitar Ctr. Stores, Inc.*, 324 Ga. App. 570, 574 (2) (751 SE2d 175)

6

(2013) ("Where an affidavit contains conclusions which would not be admissible in evidence, the conclusions are to be disregarded in considering the affidavit in connection with the motion for summary judgment.").

While the trial court does not expressly state that it relied on the Booker affidavit, this affidavit necessarily underpins the trial court's grant of summary judgment. Wilmington, as movant, had "the burden of establishing the absence or non-existence of any defense raised by the defendant." *Greenstein v. Bank of the Ozarks*, 326 Ga. App. 648, 649 (1) (757 SE2d 254) (2014). In response to Wilmington's motion for partial summary judgment, Appellants argued, inter alia, there was "a disputed material fact as to whether Wilmington Trust owns [Purchase Money Loan] or has standing to maintain this suit and as to whether [Penny Mac] could have even brought this suit."[5]

---

[5] Relying on *Ames v. JP Morgan Chase Bank*, 298 Ga. 732, 738 (783 SE2d 614) (2016), Appellee argues that Appellants lack standing to challenge the assignment of the Bayrock Security Deed because they are non-parties to the assignment. This reliance is misplaced as the *Ames* Court specifically notes "that standing is a doctrine involving the plaintiff's right to sue for redress of injury. Thus, we do not address the situation in which an alleged assignee comes to court not as a defendant in a wrongful foreclosure or breach of contract case, but rather as a plaintiff seeking to enforce some aspect of the deed against the debtor, where the plaintiff may need to establish its standing to sue on the contract." Id. at 740 (3) (d) n.6.

"Every action shall be prosecuted in the name of the real party in interest." OCGA § 9-11-17 (a). Wilmington maintains that it has standing to bring this action as the assignee of Bayrock. It is true that promissory notes are negotiable instruments that can be transferred, and an assignee assumes all the rights of the assignor to enforce the instrument. *Cumberland Contractors, Inc. v. State Bank & Trust Co.*, 327 Ga. App. 121, 123-124 (1) (755 SE2d 511) (2014). But it is only through the Booker affidavit and its exhibits, that Wilmington attempts to establish its successive relationship to Bayrock.[6] Wilmington has presented no competent evidence that it is a successor to Bayrock which is necessary to prove an actual controversy that would justify declaratory relief. The Downs affidavit does not contain these or similar averments, and Wilmington has presented no competent evidence that it is a successor to Bayrock which is necessary to prove an actual controversy that would justify declaratory relief. See *Erickson v. Bank of America,*, 345 Ga. App. 254, 257 (812

---

[6] A copy of the most recent purported assignment of the Purchase Money Loan from PNMAC to Wilmington is attached to the affidavit as an exhibit. Even if the Booker affidavit were admissible, it would still be insufficient to establish that Wilmington is the true party in interest because it does not document the assignment, or series of assignments, from MERS to Wilmington. See *Greenstein,* 326 Ga. App. at 652-653 (2) (summary judgment reversed where affiant did not demonstrate sufficient knowledge to establish bank's previous name change and merger to show that bank became a successor in-interest to lender).

8

SE2d 578) (2018) ("declaratory judgment is limited to those who are either parties to the original deed or are in privity with such original parties"); *see also Hutto v. CACV of Colorado, LLC*, 308 Ga. App. 469 (707 SE2d 872) (2011) (summary judgment reversed where creditor presented insufficient evidence of an assignment); *Greenstein,* 326 Ga. App. 648, 652-653 (2) (757 SE2d 254) (2014) (summary judgment reversed where bank did not demonstrate that it became successor-in-interest to lender). Accordingly, the trial court erred in considering the Booker affidavit to establish Wilmington's status as a successor in interest to Bayrock.

2.The Crosses argue that there are material issues of fact in dispute which bars summary judgment. We agree.

As amended, Wilmington's complaint alleged that

due to mistake, Mr. Cross was not a party to the Security Deed, which was executed by Ms. Cross only, and thus did not validly convey Mr. Cross's one-half interest in the Property to MERS as nominee for Bayrock. Therefore, Mr. Cross's one-half interest in the Property mistakenly remains unencumbered by the Security Deed. The complaint further asserts that it was the intent of the parties for the security deed to encumber the entirety of the property.

While the trial court characterized the evidence as undisputed, there remains a factual dispute as to whether the parties intended that the entire Property serve as

9

collateral for the Purchase Money Loan. Here, the evidence regarding the intent of the parties includes the loan documents, the security deed, and the affidavits of Rhonda Cross and Ed Downs. While it is clear that Rhonda Cross intended to give Bayrock a security interest in the Property, its is not clear on the face of those documents whether she intended to fully encumber the property or only the portion in which she had an interest.

While Downs' affidavit states that its was the intent of all the parties to encumber the entire property including Carlton Cross' interest, the security deed prepared by Bayrock makes no mention of Carlton Cross, and Rhonda Cross filed an affidavit indicating, in part, "[i]t was also the intent at the time that I, Rhonda Cross, and my interests would be solely responsible for the mortgage. Carlton Cross and his interest was not to be liable in any way for the mortgage." Construing this evidence, in conjunction with the fact that the loan documents and Security Deed are silent as to whether the lender would have a security interest in the entire Property, in favor of the nonmovant, one could infer that the parties did not intend to encumber Carlton Cross' interest in the property which would create a question of material fact. See *Cronan*, 355 Ga. App. at 561 (2) (summary judgment improper where nonmovant's

10

affidavit regarding lender's intent when preparing security deed created an issue of fact).

Relying on a bankruptcy decision, *In Re Rent A Tent*, 468 BR 442, 452 (2012), the trial court reasoned that the relevant question was not "whether the parties intended for Mr. Cross to be a party to the Purchase Money Security deed, but rather whether the parties intended the *whole* Property to serve as collateral for the Purchase Money Loan." (Emphasis supplied). The trial court found that because the Crosses purchased the entire property with the Purchase Money Loan, they intended to pledge the entire Property as collateral. But because Appellants purchased the Property with money from the purchase Money Loan, it does not *necessarily* follow that they intended to secure the loan with the entire property. There may be additional evidence to establish that the true intent of the parties was to encumber the entire property, but on this evidence, there remains a question of material fact as to the parties' intent and the court erred in granting partial summary judgment. Cf. *Bank of America v. Cuneo*, 332 Ga. App. 73, 80 (2) (770 SE2d 48) (2015) (evidence that a portion of the loan paid off a joint debt previously secured by the property and defendants represented to the bankruptcy court that the debt secured by the property was jointly owned

established that the parties intended that the bank take a security interest in the entire property).

3.Appellants contend that the trial court erroneously concluded that Wilmington's action was not barred by laches. Appellants are not entitled to relief on this claim.

OCGA § 23-1-25 provides: "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, even when no legal limitation bars the right." "Laches requires more than the passage of time; laches also requires prejudice arising from that passage of time[.]" *Fontaine v. Home Depot*, 250 Ga. App. 123, 126 (1) (550 SE2d 691) (2001). See also *100 Trail Trust v. Bank of America*, 342 Ga. App. 762, 765-766 (1) (804 SE2d 719) (2017) (prejudice must be shown to prevail on a plea of laches). Appellants have only pointed out Wilmington's delay in pursuing this action but have made no effort to argue that they have been prejudiced as a result. Accordingly, this argument lacks merit.

*Judgment reversed. Miller, P. J., and Hodges, J., concur.*