A89A0700. UNITED STATES FIDELITY & GUARANTY
COMPANY v. MACON-BIBB COUNTY ECONOMIC
OPPORTUNITY COUNCIL, INC.
(381 SE2d 539)

Deen, Presiding Judge.

As of January 1, 1983, the appellee, Macon-Bibb County Economic Opportunity Council, was insured against losses sustained through fraudulent or dishonest acts committed by certain employees under two fidelity bonds issued by the appellant, United States Fidelity & Guaranty Company. Sometime between 1983 and 1985, the appellee's executive director allegedly misappropriated $25,557.12. In May 1985, at the instigation of the governor's office, the local sheriff's department and district attorney began an investigation into possible misappropriation, leading to the indictment and trial of the executive director in February 1986. During the investigation, the appellee's records were seized, and an audit was conducted. The district attorney's office did not divulge to the appellee any of the results of the investigation before the trial. The appellee's executive director was acquitted on the criminal charges.

Following the trial and acquittal of the executive director, who had been replaced in September 1985, the appellee hired the same accounting firm that had completed the audit for the district attorney's office, to complete another audit. The appellee received the results of the audit in February 1987. The appellee submitted a notice and proof of loss to the appellant on May 14, 1987, and commenced this action in October 1987 when the appellant denied the claim.

The fidelity bonds in question provided that "[u]pon knowledge or discovery of loss under this bond, the insured shall (a) give notice thereof to the underwriter as soon as practicable and (b) file detailed proof of loss, duly sworn to, with the underwriter within four months after the discovery of loss." The bond also contained a limitation period for filing suit of one year beginning with the date the insured discovered the loss. Claiming that the appellee had discovered the loss at least by the date of the trial in February 1986, the appellant moved for summary judgment on the bases that the appellee had not

given timely notice of loss and that the action was barred by the contractual-limitations period. This interlocutory appeal follows from the trial court's denial of the appellant's motion. *Held*:

The dispositive issue in this case is when the appellee discovered its loss. The chairman of the appellee's board acknowledged that from a common-sense standpoint, by the time of the February 1986 prosecution and trial of the former executive director, the appellee felt it had sustained a loss. That suspicion did not become knowledge of a loss, sufficient to enable the appellee to satisfy the fidelity bond's requirement of filing a detailed proof of loss, until receipt of the auditor's report in February 1987. The investigation and prosecution of the appellee's former executive director, considering the fact that he was acquitted, did not provide that degree of knowledge. Accordingly, the operative date of discovery of loss was the appellee's receipt of the auditor's report in February 1987, and the trial court properly denied the appellant's motion for summary judgment.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DENIED APRIL 3, 1989 —
REHEARING DENIED APRIL 17, 1989 — 

*Anderson, Walker & Reichert, R. William Buzzell II, Loretta L. Pinkston*, for appellant.
*Lonzy F. Edwards*, for appellee.