## S02G0232. AUTO-OWNERS INSURANCE COMPANY v. OGDEN.
(569 SE2d 833)

FLETCHER, Chief Justice.

A fire damaged Ronald Ogden's house in May 1992, and he sued Auto-Owners Insurance Company on his homeowners policy in September 1994. The trial court granted summary judgment to the insurer based on a contractual provision requiring that the insured bring a claim within 12 months of the loss. The Court of Appeals for the State of Georgia reversed, finding a disputed issue of fact concerning whether the insurer waived the contractual limitation period through its adjuster's actions after the expiration of that period.[1] We granted the petition for the writ of certiorari to consider whether an insurance adjuster can waive a policy provision requiring suit to be brought within 12 months of the loss after the limitation period has already expired. Relying on long-standing precedent,[2] we hold that an independent insurance adjuster cannot waive the limitations provision in the insurance contract after it has expired without express authority from the insurance company. Nevertheless, we agree with the court of appeals that there are disputed issues of fact concerning whether the insurance company waived the limitations period by admitting liability and offering to settle the claim. Therefore, we affirm its decision reversing the trial court's grant of summary judgment to the insurance company.

Construing the facts in the light most favorable to the insured as the party opposing summary judgment, the record shows that a fire damaged Ogden's house on May 25, 1992. He filed a timely claim under his Auto-Owners' homeowners policy, which provided coverage of $49,500 for the building. Auto-Owners prepared a proof of loss statement showing that the full cost to repair or replace the building was $45,595. With Auto-Owners' approval, Ogden entered into a contract with Livingston Construction Company to reconstruct the house. Auto-Owners issued two checks totaling $32,506.42 to Ogden, his contractor, and his mortgage company for the repairs, and Livingston began construction. On December 21, 1992, Kelly asked Ogden to sign and return the proof of loss to receive the "holdback" in the amount of $12,689. On March 17, 1993, the claims adjuster wrote Ogden that he would need to return the proof of loss on the dwelling within 15 days to collect the $12,689 check. Ogden responded on April 8, 1993, but the claims adjuster treated the response as a rejection. As a result, Auto-Owners closed the file without paying Ogden the withheld check. On May 25, 1993, the 12-month period for filing a suit on the policy ended. On August 18, 1993, a new claims adjuster

---

[1] See *Ogden v. Auto-Owners Ins. Co.*, 251 Ga. App. 723 (554 SE2d 575) (2001).

[2] See *Graham v. Niagara Fire Ins. Co.*, 106 Ga. 840, 844 (32 SE 579) (1899).

wrote Ogden that the statute of limitations had run on his time to recover the withheld depreciation of $12,689. The same adjuster subsequently wrote on March 3, 1994, "With regard to the withheld depreciation on the dwelling of $12,689.00, it is possible that Auto Owners Insurance Company would consider payment."

Ogden sued Auto-Owners on September 30, 1994, alleging that it failed to pay for his loss as provided in his homeowners policy. The trial court granted summary judgment to the insurer based on the policy provision that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss." The court of appeals reversed, finding that the insurance adjuster's actions raised a question of fact since he continued to discuss the claim with Ogden after the limitation period expired and stated in March 1994 that Auto-Owners might consider payment.

1. This Court has held that neither the local agent nor claims adjuster for an insurance company has the power to waive a policy provision that suit must be brought within 12 months from the date of loss without the express authority from the insurance company.[3] Unless the agent perpetrates some fraud that induces the insured to delay bringing the lawsuit until after the time for bringing suit has expired, the insured cannot rely on the agent's conduct as an excuse for the failure to sue.[4] Once the time for bringing an action lapses, the forfeiture has taken place, the contract becomes a "dead letter," and an agent cannot revive it by an acknowledgment or new promise.[5] Adhering to this precedent, we hold that Auto-Owners' adjuster could not waive the policy provision requiring Ogden to bring suit within 12 months after the contract's limitation period had already expired. Therefore, we disagree with the court of appeals' contrary decision finding a disputed issue of fact based solely on the adjuster's actions after May 25, 1993.

2. Although the adjuster could not unilaterally waive the limitation period by his actions after that period expired, Ogden contends that the insurance company waived its right to rely on the contractual provision by its course of conduct before May 25, 1993. Specifically, he argues that Auto-Owners admitted liability under its policy, and he is seeking money owed to him as a result of its settlement of his claim.

---

[3] See *Underwriters' Agency v. Sutherlin*, 55 Ga. 266, 267 (1875).

[4] Id.; see *Gibraltar Fire & Marine Ins. Co. v. Lanier*, 64 Ga. App. 269, 274-275 (13 SE2d 27) (1941).

[5] See *Graham*, 106 Ga. at 844; see also *Corporation of Royal Exch. Assur. v. Franklin*, 158 Ga. 644 (124 SE 172) (1924) (insurance adjuster may waive filing of proof of loss by his statements and conduct before the expiration of the time for the filing of a proof of loss under the policy).

An insurance company may waive the contractual limitation provision "where the company leads the insured by its actions to rely on its promise to pay, express or implied."[6] The court of appeals has held that the 12-month contractual period does not bar an insured from filing suit when the insurance company promised to pay certain amounts and the insured is only seeking the payments offered.[7] "If the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the 12-month clause in the contract was waived by the insurer can become a disputed question of fact" for the jury.[8]

In this case, Auto-Owners never denied liability. Instead, it agreed with Ogden that his loss was covered under its homeowners policy and executed a proof of loss stating that the full cost to repair or replace the building would be $45,595. Auto-Owners paid $32,506 for building repairs, and the contractor began construction. The insurance company drafted a check in December 1992 for the remaining amount owed. In support of its summary judgment motion, the company asserts that it issued a final check to Ogden in the amount of $12,689, but that his attorney rejected the check and returned it to the claims adjuster. In response, Ogden denies that he or his attorney ever received the check or returned it. Because the record presents disputed issues of fact concerning whether Auto-Owners and Ogden settled his claim and Auto-Owners promised to pay the additional $12,689 as part of the settlement, we agree with the court of appeals that the insurance company was not entitled to summary judgment based on the contractual limitation period.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002 —
RECONSIDERATION DENIED OCTOBER 11, 2002.

*Bullard, Moody, Long & Garcia, Daniel Bullard IV, Miguel A. Garcia, Jr.,* for appellant.
*Lane & Jarriel, Thomas F. Jarriel,* for appellee.

---

[6] *Georgia Farm Bureau Mut. Ins. Co. v. Mikell,* 126 Ga. App. 640, 642 (191 SE2d 557) (1972).
[7] See *Lee v. Safeco Ins. Co.,* 144 Ga. App. 519, 521 (241 SE2d 627) (1978).
[8] See *Edwards v. Atlantic Ins. Co.,* 203 Ga. App. 608, 611 (417 SE2d 410) (1992).