A06A2011. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. PAWLOWSKI et al.
(643 SE2d 239)

PHIPPS, Judge.

Linda and Clarence Pawlowski sued their homeowners insurer, Georgia Farm Bureau Mutual Insurance Company, after a pipe burst in their mobile home, allegedly causing property damage and resulting in the growth of toxic mold. Georgia Farm Bureau sought summary judgment on the ground that the Pawlowskis had filed their complaint outside the one-year limitation period in the insurance policy. The trial court denied the motion, and we granted Georgia Farm Bureau's application for interlocutory appeal. We now reverse.

In April 2002, Georgia Farm Bureau issued a homeowners insurance policy to Linda Pawlowski for her mobile home in Springfield. The policy contained a paragraph stating, "Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." According to the Pawlowskis' complaint, a pipe burst inside their home in October 2002, causing considerable property damage. They allege that shortly thereafter, they filed a claim with Georgia Farm Bureau, which launched an "extensive investigation" spanning nearly a year, but never repaired the damage.

In March 2003, Georgia Farm Bureau sent the Pawlowskis a settlement check for $7,247.43, but they rejected it as insufficient to cover their damages. In July 2003, Georgia Farm Bureau arranged for an evaluation of the Pawlowskis' residence by Rimkus Consulting Group, an environmental consulting firm. On July 15, Rimkus sent Georgia Farm Bureau a letter stating that it had identified elevated levels of aspergillus and penicillium molds in the residence, that "[s]ome of these species are considered harmful to people under certain circumstances," and recommending that the Pawlowskis be relocated pending the completion of "appropriate remedial measures." According to the Pawlowskis, however, Georgia Farm Bureau did not follow Rimkus's recommendations. Nothing in the record indicates that Georgia Farm Bureau took any action on the claim after July 2003.

On July 8, 2004, the Pawlowskis sued Georgia Farm Bureau in contract and tort, alleging that its failure to repair the water damage in their home had allowed the growth of toxic mold, which had caused the deterioration of their physical and mental health. Georgia Farm Bureau sought summary judgment on the ground that the Pawlowskis' suit was barred by the one-year limitation period in their policy. The trial court denied the motion, finding without elaboration that issues of fact existed to be tried.

1. Georgia Farm Bureau argues that the one-year limitation period in the homeowners policy bars the Pawlowskis' suit. As Georgia Farm Bureau notes, "[t]his court has decided that an insurance policy provision placing a one-year limitation upon the right of the policyholder to sue the insurer is valid and enforceable even though it shortens the period allowed by statute."[1] Under certain circumstances, however, an insurer may waive such a contractual limitation.[2] The Pawlowskis argue that Georgia Farm Bureau waived the contractual limitation in this case by fraudulently inducing them to believe that it did not intend to enforce it.

The Pawlowskis, however, point to no evidence — slight or otherwise — of any fraudulent inducement. The record shows only that Georgia Farm Bureau investigated their claim and offered a settlement that they rejected as insufficient. But "mere negotiation for settlement, unsuccessfully accomplished, is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute" a waiver of the limitation defense.[3] Evidence that Georgia Farm Bureau investigated and offered to settle does not suggest that it tried to trick the Pawlowskis into believing that it intended to enlarge the one-year limitation period.

The Pawlowskis rely on *Auto-Owners Ins. Co. v. Ogden*,[4] but that case is distinguishable. In *Ogden*, an insured filed a timely claim for fire damage to his house under his homeowners policy. Agreeing that the loss was covered under the policy, the insurer prepared a proof of loss stating a specific amount for the full cost of repair, and it issued a check for part of that amount. It withheld the remainder of the repair cost pending the insured's return of the proof of loss within 15 days. The insured did not meet the 15-day deadline, the insurer

---

[1] *McCoury v. Allstate Ins. Co.*, 254 Ga. App. 27, 28 (1) (561 SE2d 169) (2002) (footnote omitted).

[2] *Ga. Farm &c. Ins. Co. v. Fowler*, 177 Ga. App. 834 (341 SE2d 491) (1986).

[3] *Giles v. Nationwide Mut. Fire Ins. Co.*, 199 Ga. App. 483, 485 (3) (405 SE2d 112) (1991) (citation and punctuation omitted); see also *Suntrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40, 42 (416 SE2d 322) (1992) (enforcing contractual limitation clause where there was no evidence of continuing negotiations or affirmative promise, statement or other act to lead insured into believing that insurer intended to enlarge limitation period in contract).

[4] 275 Ga. 565 (569 SE2d 833) (2002).

withheld the remainder, and the insured sued to recover it. The insurer sought shelter in a one-year contractual limitation period in the policy, but our Supreme Court held that there was a factual dispute as to whether the insured had waived the limitation:

> An insurance company may waive the contractual limitation provision where the company leads the insured by its actions to rely on its promise to pay, express or implied. The court of appeals has held that *the 12-month contractual period does not bar an insured from filing suit when the insurance company promised to pay certain amounts and the insured is only seeking the payments offered.* If the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the 12-month clause in the contract was waived by the insurer can become a disputed question of fact for the jury.[5]

Thus, in *Ogden,* the dispute was whether the insurance company could rely on the contractual limitation to avoid paying an amount it had already conceded that it owed. Georgia Farm Bureau, on the other hand, has not conceded that it owes the Pawlowskis anything more than the approximately $7,000 that it offered them in May 2003 and that they rejected. In fact, Georgia Farm Bureau's failure to act on the environmental consulting firm's recommendations amounts to an implicit denial of liability for any damages associated with toxic mold. *Ogden,* therefore, does not apply.

2. The Pawlowskis also argue that the contractual limitation does not apply because their injuries and damages are ongoing and have worsened due to Georgia Farm Bureau's failure to pay their claim.

(a) Pretermitting whether a continuing injury can toll the limitation period, the Pawlowskis offered no competent evidence of any such injury. The letter from the Rimkus Consulting Group stating that mold had been found in the home is inadmissible hearsay.[6] Even if the letter were admissible, it stated only that some of the species of mold that had been found "are considered harmful to people under certain circumstances." This vague, qualified language did not tend

---

[5] Id. at 567 (2) (punctuation and footnotes omitted; emphasis supplied).

[6] See *Aon Risk Svcs. &c. v. Commercial & Military Systems Co.,* 270 Ga. App. 510, 511-512 (607 SE2d 157) (2004) (letter was hearsay inadmissible under business records exception where author was not available for cross-examination and no witness verified method of record keeping).

to establish that any mold in the Pawlowskis' residence actually had harmed them. In the absence of any competent evidence that the burst pipe caused mold to form in the house, or that such mold harmed the Pawlowskis, their continuing injury theory fails.

(b) The Pawlowskis attempt to rely on the doctrine of res ipsa loquitur to establish a causal link between the mold in their house and their alleged injuries. They reason that because they had no physical problems before the mold appeared, then the mold must have caused their problems. There are several problems with this argument.

First, as discussed above, there is no competent evidence of the existence of toxic mold. Second, the Pawlowskis did not make this argument in the trial court and cannot raise it for the first time on appeal.[7] Third, the doctrine of res ipsa loquitur simply does not apply here. To invoke it, a plaintiff must show that he suffered an injury that (1) was caused by an agency or instrumentality within the defendant's exclusive control, (2) ordinarily does not occur in the absence of someone's negligence, and (3) was not due to any voluntary action or contribution on his part.[8] The Pawlowskis have presented no evidence to support any of these requirements.

Because the Pawlowskis filed suit outside the limitation period specified in their policy, and because they presented no evidence that Georgia Farm Bureau waived the limitation, the trial court should have awarded summary judgment to Georgia Farm Bureau.

*Judgment reversed. Smith, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 14, 2007 —
RECONSIDERATION DISMISSED MARCH 14, 2007.

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.

*Jarrard & Davis, Bonnie L. Jones, Sage Brown*, for appellees.

---

[7] See *Minnix v. Dept. of Transp.*, 272 Ga. 566 (533 SE2d 75) (2000).

[8] *Bridgestone Firestone v. Green*, 198 Ga. App. 858 (403 SE2d 442) (1991).