## A09A1082. BICKERSTAFF IMPORTS, INC. v. SENTRY SELECT INSURANCE COMPANY.
(682 SE2d 365)

MIKELL, Judge.
   Bickerstaff Imports, Inc. d/b/a Southlake Mitsubishi ("Southlake"), a car dealership, appeals from the trial court's order granting summary judgment to its insurer, Sentry Select Insurance Company ("Sentry"), in Southlake's action to recover proceeds under a policy covering commercial crimes, including employee theft. Because the trial court did not err in ruling that Southlake's action against Sentry was barred by the two-year limitation period contained in the insurance contract, we affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[1]

Once the moving party meets this burden, the nonmoving party may not rest on its pleadings, but must instead come forth with evidence establishing a triable issue.[2] On appellate review of a ruling granting summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of

---

[1] (Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[2] Id.

material fact remains and that the moving party was entitled to judgment as a matter of law.[3]

Viewed in the light most favorable to Southlake as the nonmoving party, the record reflects that Southlake suffered certain losses resulting from a fraudulent scheme perpetrated by one of its salesmen, Pasteur Alvin Camp, beginning in August 2001. Southlake sought to recover these losses under a commercial crime policy issued by Sentry. The policy provided that "you [Southlake] may not bring any legal action against us [Sentry] involving loss . . . [u]nless brought within 2 years from the date you discover the loss." In February 2003 Southlake submitted a proof of loss to Sentry, in which it named Camp as the employee practicing "fraudulent activity." Southlake gave various dates for discovery of the loss, the latest of which was December 12, 2002.

On February 5, 2003, Sentry rejected the claim, on the ground that "[n]othing has been shown" to indicate that Camp's illegal activities were a "direct theft loss" within the scope of the policy. Sentry reiterated its denial of the claim in a letter dated December 29, 2003, from John Reddington at Sentry to Robert McKnight, Southlake's attorney. Reddington requested that Southlake provide Sentry with any "other information" it might have indicating that the losses were covered; and Reddington stated that another Sentry employee "will contact you [McKnight] on this shortly (as we discussed)." The record reflects that Sentry initiated no further contact with Southlake with regard to this claim until after December 31, 2005.

On December 31, 2005, in a letter to Reddington, McKnight once again set forth Southlake's claims against Sentry for the losses resulting from Camp's criminal scheme. On January 13, 2006, Reddington advised McKnight that Sentry maintained its denial of the claim, based on Sentry's determination that the loss did not result from "direct theft" within the meaning of the insurance contract. Reddington also called attention to the two-year limitation period provided in the contract.

Southlake filed this action against Sentry on December 29, 2006. Sentry sought summary judgment on the ground that Southlake's suit was barred by the policy's two-year limitation period. Following a hearing, the trial court granted summary judgment to Sentry. Southlake appeals, contending that a jury question exists as to when the loss was discovered, and that, even if the loss was discovered more than two years before the suit was filed, a jury question exists

---

[3] *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

as to whether Sentry waived compliance with the two-year limitation period.

1. In its first enumeration of error, Southlake contends that it did not discover the loss until November 2005. Only at that time, Southlake argues, did it actually discover that its losses were due to Camp's fraudulent activity, because only then did Southlake learn that Camp had been prosecuted and convicted in August 2005 on charges in connection with the fraudulent scheme. This contention finds no support in the record. In its proof of loss, as well as in later correspondence with Sentry on December 11, 2003, and February 9, 2004, Southlake pointed to Camp as the dishonest employee.

Using the latest of the dates given by Southlake for discovery of the loss, December 12, 2002, the contractual two-year limitation period would have expired on December 12, 2004. Thus, Southlake's complaint, filed December 29, 2006, is time-barred.[4]

*United States Fidelity &c. Co. v. Macon-Bibb County Economic Opportunity Council*,[5] cited by Southlake, is not apposite. *United States Fidelity* involved a claim for misappropriation of funds.[6] The insured could not determine if it had a loss until it was able to conduct an audit of its records, which had been seized by law enforcement authorities in connection with the criminal investigation of the suspect employee, who was acquitted at his criminal trial.[7] Thus, the insured did not have sufficient knowledge to enable it to discover the loss until receipt of the auditor's report, at a time after the former employee's acquittal.[8] In the case at bar, on the other hand, Southlake was able to set forth its losses by February 2003, as evidenced by the proof of loss it submitted to Sentry at that time, even if Southlake was not completely certain that Camp was the dishonest employee involved.

2. Southlake contends that a jury question exists as to whether Sentry waived the policy's two-year limitation period. It is true that

> [i]f the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the

---

[4] See *Townley v. Patterson*, 139 Ga. App. 249 (228 SE2d 164) (1976) (clause limiting suit against insurer to 12 months from inception of the loss constituted a condition precedent to recovery and was binding against insured). Accord *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154, 157 (1) (658 SE2d 909) (2008) (one-year limitation period in insurance contract was valid and enforceable).

[5] 191 Ga. App. 352 (381 SE2d 539) (1989).

[6] Id.

[7] Id.

[8] Id. at 353.

[limitation] clause in the contract was waived by the insurer can become a disputed question of fact for the jury.[9]

Southlake, however, has pointed to no evidence in the record which would raise a fact issue as to waiver. Sentry consistently rejected Southlake's claim in its correspondence to Southlake dated February 5, 2003, and December 29, 2003. Southlake has pointed to no evidence that Sentry ever entered into negotiations with Southlake with a view toward settlement of the claim. Even if the correspondence between Sentry and Southlake could be characterized as negotiations, "mere negotiation for settlement, unsuccessfully accomplished, is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute a waiver of the limitation defense."[10] Moreover, there is no evidence of "any affirmative promise, statement or other act [by Sentry] or any evidence of actual or constructive fraud to lead [Southlake] into believing that [Sentry] intended to enlarge on the limitation period contained in the contract as to the time in which [Southlake] had to file suit."[11]

Southlake's reliance on *Commercial Union Ins. Co. v. F. R. P. Co.*[12] and *Nee v. State Farm Fire &c. Co.*[13] is misplaced. In those cases, negotiations as to settlement of the claim continued until shortly before the contractual limitation expired.[14] In the case at bar, however, Sentry engaged in no negotiations as to settlement. Even if its correspondence with Southlake could be regarded as such, its correspondence ended on December 29, 2003, almost a year before the contractual limitation period expired on December 12, 2004, as discussed above in Division 1.

In the absence of evidence that Sentry waived compliance with the contractual limitation period, or that it led Southlake into believing that it would do so, Southlake's failure to bring the underlying action within the time period specified in the insurance

---

[9] (Punctuation and footnote omitted.) *Auto-Owners Ins. Co. v. Ogden*, 275 Ga. 565, 567 (2) (569 SE2d 833) (2002).

[10] (Punctuation and footnote omitted.) *Ga. Farm &c. Ins. Co. v. Pawlowski*, 284 Ga. App. 183, 184 (1) (643 SE2d 239) (2007) (evidence that insurer investigated and offered to settle plaintiffs' claims did not suggest that it tried to trick plaintiffs into believing that it intended to enlarge contractual limitation period). Accord *Morrill v. Cotton States Mut. Ins. Co.*, 293 Ga. App. 259, 263 (2) (a) (666 SE2d 582) (2008).

[11] *Johnson v. Ga. Farm &c. Ins. Co.*, 141 Ga. App. 859, 861 (2) (234 SE2d 693) (1977). Accord *Suntrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40, 42 (416 SE2d 322) (1992).

[12] 172 Ga. App. 244 (322 SE2d 915) (1984).

[13] 142 Ga. App. 744 (236 SE2d 880) (1977).

[14] *Commercial Union*, supra at 248 (1) (insurer's continued negotiation as to settlement of claim in 13th month of 14-month limitation period raised fact issue as to waiver); *Nee*, supra at 744-745 (jury question as to waiver where insurer continued negotiations and did not deny liability until after limitation period expired).

contract was fatal to its claim,[15] and the trial court did not err in granting summary judgment to Sentry.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 17, 2009.

*Gillis & Creasy, Lucian Gillis, Jr.,* for appellant.

*Eason, Kennedy & Crawford, Richard B. Eason, Jr., David S. Crawford,* for appellee.