**FIRST DIVISION
PHIPPS, P. J.
BOGGS and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 10, 2016**

# In the Court of Appeals of Georgia

A15A1932. D'AGNESE v. WELLS FARGO BANK, N.A.       PE-036

PETERSON, Judge.

Paul D'Agnese appeals from an order granting a deficiency judgment to Wells Fargo Bank, N.A., whose predecessor loaned money to D'Agnese's company. D'Agnese does not contest his liability but argues that the trial court erred in granting summary judgment to the bank because the bank did not submit sufficient evidence to prove its damages. We agree, as the bank did not show that the sole document submitted as proof of its damages met the requirements of a summary of voluminous records. We therefore affirm the judgment as to liability but reverse the award of damages and remand for further proceedings consistent with this opinion.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56(c). We

review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

So viewed, this case involves a loan that Wells Fargo's predecessor, Wachovia Bank, N.A., made to Executive Aero Corp. Extending and modifying a 2006 promissory note for an original loan amount of $1.2 million, Executive Aero in 2008 executed and delivered to Wachovia a promissory note in the principal amount of $477,377.74 plus interest. D'Agnese, chief executive officer of Executive Aero, signed a guaranty for the original loan in 2006 and signed the note on behalf of Executive Aero in 2008. Executive Aero defaulted on the loan by failing to make payments when due.

Wachovia demanded the immediate payment of the entire principal balance on the note, plus all accrued interest and fees. Executive Aero and D'Agnese failed to satisfy the debt. Wells Fargo, into which Wachovia merged in 2010, foreclosed upon and sold certain real property that had been pledged by Executive Aero as collateral for the note. The sale, confirmed in a court order, resulted in proceeds of $140,000.

Wells Fargo filed this deficiency action against Executive Aero and D'Agnese, jointly and severally, asserting breach of the note and guaranty and seeking the

remaining money due under the loan, including interest and attorney fees. The trial court granted the bank a default judgment in the amount of $468,645.30[1] against Executive Aero, finding that the company's answer was not timely filed. Executive Aero did not appeal the default judgment.

Nearly two years after entry of the default judgment, Wells Fargo filed a motion for summary judgment on its claims against D'Agnese. Along with the motion, the bank submitted the affidavit of Robert M. Terway, an officer of the bank. Terway averred that he was familiar with the bank's credit relationship with Executive Aero and D'Agnese, had access to and knowledge of the loan documents and bank records at issue in the litigation, and was familiar with the bank's routine practice for maintaining the bank's business records related to the loan and for calculating the amounts owed on the loan. In addition to describing the history of the loan and attaching copies of the 2006 guaranty, the 2008 note, and the bank's demand for payment , Terway's affidavit addressed the amounts owed under the loan. Terway stated in his affidavit that Executive Aero and D'Agnese owed the bank $331,817.59 in principal, $146,419.20 in interest and $47,848.68 in attorney fees, explaining how

---

[1]The judgment comprised $331,817.59 in principal, $94,200.86 in pre-judgment interest, and $42,626.85 in attorney fees.

3

the attorney fees were calculated based on principal and interest owed. Attached to the affidavit was a document described as a printout of the bank's electronic records reflecting the amounts then owed for principal, interest, and "late charges" on the note. Consistent with the affidavit, the screen shot lists the current balance as $331,817.59 and the interest earned as $146,419.20.

In his response to the motion for summary judgment, D'Agnese did not dispute that he is liable to Wells Fargo under the personal guaranty and related loan documents, but he argued that the motion for summary judgment should be denied because the bank had produced no evidence of damages. Without pointing to any additional evidence in the record beyond Terway's affidavit, D'Agnese argued that it was "impossible" to determine the damages for which he was liable by reference to the documents attached to Terway's affidavit. Referring to the screen shot as a "summary statement, wholly conclusory in nature," D'Agnese complained that business records that could prove the current balance of the loan are not attached to the affidavit or the complaint. D'Agnese argued that the bank's "summary of damages" was "inadmissible hearsay." The trial court rejected those arguments, granting the bank a judgment against D'Agnese for $331,817.59 in principal, plus

4

interest of $178,273.97 and attorney fees and litigation expenses of $51,034.20, for a total of $561,125.76.

In this appeal that followed, D'Agnese argues that the trial court erred by entering judgment for the bank as to damages based upon "incomplete evidence" submitted by the bank. We agree.

We first note that D'Agnese's appellate brief is missing many citations to the record, in violation of Court of Appeals Rule 25(a)(1).

> As this Court has repeatedly stated, it is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record.

*Willis v. Allstate Ins. Co.*, 334 Ga. App. 540, 542 (779 SE2d 744) (2015) (citation and punctuation omitted). Like the court in *Willis*, though, "because the record in this case is small, we will exercise our discretion to resolve this appeal on the merits." *Id.*

Wells Fargo argues that D'Agnese has waived any hearsay objection to the screen shot that accompanies the bank officer's affidavit because he did not object to it or move to strike it from the record. However, D'Agnese objected to the screen shot in his response to Wells Fargo's summary judgment motion, filing a response brief that closely mirrors his brief on appeal and described the bank's "summary of

5

damages" as "a conclusory statement and inadmissible hearsay." This is sufficient to preserve his appellate argument. *Cf. Formaro v. SunTrust Bank*, 306 Ga. App. 398, 399-400 (1) (702 SE2d 443) (2010) (failure to raise arguments in an objection to affidavit, motion to strike the affidavit, or in summary judgment constituted waiver).

"Affidavits purporting to establish the amount of a debt without accompanying business records, where appropriate, are insufficient to sustain summary judgment." *Roberts v. Community & Southern Bank*, 331 Ga. App. 364, 368-69 (2) (771 SE2d 68) (2015) (citations and punctuation omitted); *see also* OCGA § 9-11-56(e) (affidavits offered in support of and opposition to motions for summary judgment "shall be made on personal knowledge" and "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith"). However, business records generally are admissible as an exception to hearsay found at OCGA § 24-8-803(6) in Georgia's Evidence Code,[2] with the trial court vested with the discretion to determine whether a proper foundation was laid for use of the exception and whether the circumstances of the document's preparation

[2]Because Wells Fargo filed its motion for summary judgment on January 10, 2014, Georgia's new Evidence Code applies. *See* Ga. L. 2011, p. 99, § 101 (new Evidence Code shall apply to any motion made on or after effective date of January 1, 2013).

indicate trustworthiness. *Roberts*, 331 Ga. App. at 369 (2). Georgia law also allows for the admission of summaries of voluminous business records that could not be examined conveniently in court, as long as they meet certain criteria discussed in more detail below. *Id.;* OCGA § 24-10-1006.

Wells Fargo argues that the screen shot is a "data compilation," one of the types of documents specifically included within Georgia's business records exception to the hearsay rule. OCGA § 24-8-803(6). In support of that argument, the bank cites case law that stands for the general proposition that printouts from a business's computer database may be admissible as business records in certain circumstances. *See U-Haul Int'l Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040 (9th Cir. 2009); *Rosenberg v. Collins*, 624 F.2d 659 (5th Cir. 1980); *WGNX, Inc. v. Gorham*, 185 Ga. App. 489 (364 SE2d 621) (1988). The court does not quarrel with that general proposition. However, that does not answer the more specific question of whether a printout that simply says what is currently owed on a debt is always admissible as a business record to prove the creditor's damages.

Our court, taking case law cited by Wells Fargo into account, already has answered that question in the negative. *See Roberts*, 331 Ga. App. at 370-71 (2) (citing *Rosenberg*; *WGNX*). In *Roberts*, this Court said that the treatment of reports

7

that provide a detailed transaction history of a loan as business records "is consistent with the fact that the business records exception specifically allows for the admission of a 'data compilation.'" *Id.* at 371 (2). At the same time, the court contrasted such detailed history reports with documents that simply list the current balance, accrued interest, and fees owed on a bank loan at the time of the litigation, noting that our case law defines the latter as summaries, not business records. *See id*. at 370-71 (2) (*citing Hanna v. First Citizens Bank & Trust Co.*, 323 Ga. App. 321, 328-29 (4) (744 SE2d 894) (2013); *Capital City Developers, LLC v. Bank of North Ga.*, 316 Ga. App. 624, 626-28 (1) (730 SE2d 99) (2012)).

The screen shot attached to Terway's affidavit–the only document offered in support of Terway's statements about the money due under the loan–provides information about money owed at the time it was printed, but not any sort of detailed transaction history, such as payments made on the loan. Thus, it falls under the category of a summary, not a business record. *See Roberts*, 331 Ga. App. at 370-71 (2); *Hanna*, 323 Ga. App. at 328-29 (4); *Capital City Developers*, 316 Ga. App. at 626-28 (1).

The question for this court, then, is whether the screen shot meets the requirements for admission as a summary. Under OCGA § 24-10-1006,[3]

> [T]he contents of otherwise admissible voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that the contents of such writings, recordings, or photographs be produced in court.

*See also Roberts*, 331 Ga. App. at 370 (2) (*citing United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir. 1998) (listing requirements for federal rule on admission of summaries)). A trial court's decision to admit a document as a summary is reviewed for abuse of discretion. *See Lyman v. Cellchem International LLC*, __ Ga. App. __, __ (3) (b) (779 SE2d 474) (2015).[4]

---

[3]Although the admissibility of summaries is now codified at OCGA 24-10-1006, Georgia courts applied a similar rule before adoption of the new Evidence Code. *Roberts*, 331 Ga. App. at 370 n.4.

[4]It is unclear precisely how the trial court treated the document in question here. His order simply notes D'Agnese's argument regarding lack of proof of damages and says the argument is without merit, the cases cited by D'Agnese are distinguishable, and there is no genuine dispute of material fact.

Arguably, the requirement that the underlying records supporting that summary were "made available for examination or copying, or both, by other parties at a reasonable time and place" has been met. As acknowledged by D'Agnese, neither party conducted any discovery in this case. D'Agnese cannot complain that documents were not available to him if he never asked for them. *See A.S. Wikstrom Inc. v. Norair Eng'g Corp.*, 156 Ga. App. 49, 50-51 (2) (274 SE2d 28) (1980) (no error in admission of summary of damages given opportunity for discovery); *but see Hanna*, 323 Ga. App. at 328-29 (4) (trial court abused its discretion in considering a screen capture listing current amounts owed and last payment on a bank loan in the determination of the amounts awarded to bank, because the underlying records related to fees and interest were not available to the court or the guarantor). However, Wells Fargo offered no evidence–and has made no argument–that the underlying records are too voluminous to be examined in court conveniently, a clear requirement under the text of the rule. OCGA § 24-10-1006 ("the contents of otherwise admissible voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation"). This is a necessary precondition for admission of a document as a summary. The trial court thus abused its discretion in considering the screen shot as evidence of the

10

bank's damages. Therefore, we affirm judgment as to liability but reverse the award

of damages and remand for further proceedings consistent with this opinion.[5]

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Boggs, J.,*

*concur*.

---

[5]"Although, based on the current record, the amount of damages is insufficiently certain, our holding in this regard does not mean that [Wells Fargo's] damages ... would never be susceptible to summary adjudication." *Ware v. Multibank 2009-1 RES-ADC Venture LLC*, 327 Ga. App. 245, 251 (2) (758 SE2d 145) (2014).