# THIRD DIVISION
## DOYLE, P. J.,
## GOBEIL, J., and SENIOR JUDGE C. ANDREW FULLER

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 30, 2023**

# In the Court of Appeals of Georgia

A23A0672. SHINGLER v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

DOYLE, Presiding Judge.

Plaintiff Ronald Shingler sued Georgia Farm Bureau Insurance Company ("GFB") for breach of contract and bad faith based on GFB's denial of claims made under a farm policy issued to him. GFB moved for summary judgment, alleging that Shingler's claims were barred by the policy's one-year suit limitation, and the trial court granted the motion. Shingler appeals, arguing that the trial court erred by granting summary judgment to GFB because there were genuine issues of material fact as to (1) whether the policy's one-year suit limitation was ambiguous and unenforceable; and (2) whether the parties impliedly waived the limitation provision;

and (3) whether GFB waived the provision as to certain items by promising to pay them. For the reasons that follow, we affirm.

We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1]

So viewed, the record shows that on October 10, 2018, Hurricane Michael caused extensive damage to southwest Georgia, including the area where Shingler owns and operates a farm. At that time, Shingler's farm was insured by GFB. The farm policy jacket in effect at that time provided a "SUIT AGAINST US PROVISION" stating that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss." An amendatory endorsement to the applicable policy, however, provided:

The SUIT AGAINST US provision is deleted and replaced by the following: No action can be brought unless there has been full compliance with policy provisions. Any action must be started within

---

[1] *Massey v. State Farm Fire & Cas. Co.*, 363 Ga. App. 588, 589 (871 SE2d 685) (2022), citing OCGA § 9-11-56 (c); *City of St. Marys v. Reed*, 346 Ga. App. 508, 508-509 (816 SE2d 471) (2018).

2

two years after the date of loss for the peril of fire. For all other perils, any action must be started within one year after the date of loss.

After the storm, Shingler made an immediate claim under his policy for damage he contended was storm-related, and GFB began its investigation, which included multiple property inspections. Beginning in November 2018, GFB issued to Shingler multiple payments for damage to his home, several buildings on the property, a shop, and equipment; the payments totaled $210,665.68. Included in the payments was $15,113.70 for damage to a farmhouse on Shingler's property that GFB determined was storm-related. GFB, however, informed Shingler that other claims he made with regard to the farmhouse were not storm-related and therefore not covered by the policy.

In January 2019, GFB's adjuster sent Shingler an itemized schedule of payments she was prepared to make the following day, which totaled $26,116.20, noting that she was still evaluating other claims. Shingler disputed the amount of the payments, including GFB's depreciation calculations, and GFB did not issue the payments. At GFB's request, Shingler submitted his proof of loss in January or February 2019, and in February 2019, GFB notified Shingler that it had retained

3

counsel to represent its interests with regard to his claims. Shingler retained counsel, who produced documents to GFB on March 22, 2019.

After taking Shingler's examination under oath, GFB determined that he had made material misrepresentations, including duplicate claims for damages, undocumented damages, and claims for damage that did not exist or pre-existed the storm. GFB denied Shingler's subsequent demand for payment based on those purported misrepresentations and his failure to preserve damaged items for GFB's inspection, which actions GFB determined voided coverage under the policy.

During correspondence regarding Shingler's claims, GFB repeatedly reiterated its demand for strict compliance with policy provisions and stated that no action it took could be considered a waiver of any policy provisions or defenses applicable to Shingler's claim and that GFB was reserving all of its rights and defenses under the policy and Georgia law.[2]

On November 22, 2019, one year and six weeks after the date of loss, Shingler filed his lawsuit against GFB. GFB moved for summary judgment, and the trial court granted the motion, concluding that the lawsuit was time-barred because it was filed

---

[2] GFB so advised Shingler in: (1) a December 10, 2018 letter from the adjuster; (2) a January 14, 2019 letter from the adjuster; (3) a February 1, 2019 letter from GFB's counsel; and (4) a May 2, 2019 letter from GFB's counsel.

after expiration of the one-year suit limitations period set forth in the policy and that GFB did not waive any defenses to the lawsuit. This appeal followed.

1. Shingler contends that the trial court erred by granting summary judgment to GFB because genuine issues of fact exist as to whether the insurance policy's one-year suit limitation was unduly ambiguous and unenforceable. We disagree.

Shingler concedes that the amendatory endorsement containing a one-year limitations provision is part of the policy and that he received it. He attempts to create a question of fact, however, by suggesting that the endorsement creates confusion and ambiguity. But

> [a]n ambiguity exists only if after the application of the pertinent rules of interpretation, it remains uncertain which of two or more possible meanings the parties intended. No construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous[,] and capable of only one reasonable interpretation.[3]

Here, the amendatory endorsement plainly provided that with the exception of loss by fire, "any action must be started within one year after the date of loss." As

---

[3] (Punctuation omitted.) *Rounds v. Hall County*, 367 Ga. App. 219, 227 (2) (885 SE2d 256) (2023).

provided by OCGA § 33-24-16: "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." Accordingly, the trial court did not err by finding that the endorsement was unambiguous and enforceable.[4]

2. Alternatively, Shingler further argues that genuine issues of fact exist as to whether or not GFB impliedly waived the one-year suit limitation. This argument is without merit.

A suit limitation provision in an insurance policy may be waived when

the insurer leads the insured by its actions to rely on its promise to pay, express or implied. If the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the 12-month clause in the contract was waived by the insurer can become a disputed question of fact for the jury.[5]

---

[4] See, e.g., *Morrill v. Cotton States Mut. Ins. Co.*, 293 Ga. App. 259, 261 (1) (666 SE2d 582) (2008) ("'[T]his court has decided that an insurance policy provision placing a one-year limitation upon the right of the policyholder to sue the insurer is valid and enforceable.'").

[5] (Punctuation omitted.) *Balboa Life & Cas. Co., LLC v. Home Builders Financial*, 304 Ga. App. 478, 481 (2) (697 SE2d 240) (2010), quoting *Auto-Owners*

6

Nevertheless, settlement negotiations do not always give rise to a jury question on whether the policyholder was led to believe that he need not file suit, even if they continue throughout the policy's limitation period. So, mere negotiation for settlement, unsuccessfully accomplished, is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute a waiver of the limitation defense.[6]

Here, shortly after the date of loss, GFB issued some payments to Shingler, but also advised him that some of his claims were not storm-related and therefore, were not covered. And GFB repeatedly reminded him that it was reserving all defenses and that no action it took could be construed as a waiver of the right to require strict compliance with all policy provisions, at one point even quoting the one-year suit limitation provision in the amendatory endorsement. "Under these circumstances, [GFB's conduct did not create a question of fact as to whether it waived] enforcement of the [one]-year limitation period provided for in the insurance policy."[7]

_Ins. Co. v. Ogden_, 275 Ga. 565, 567 (569 SE2d 833) (2002).

[6] (Citations and punctuation omitted.) _Premier Eye Care Assoc. v. Mag Mut. Ins. Co._, 355 Ga. App. 620, 626 (2) (844 SE2d 282) (2020), quoting _Willis v. Allstate Ins. Co._, 334 Ga. App. 540, 543 (779 SE2d 744) (2015), _Stone Mountain Collision Ctr. v. Gen. Cas. Co. of Wisconsin_, 307 Ga. App. 394, 396 (705 SE2d 163) (2010)

[7] _Premier_, 355 Ga. App. at 627 (2). See also _Willis_, 334 Ga. App. at 544-547 (holding that the insurer did not waive the suit limitation period despite "engag[ing]

7

*Judgment affirmed. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*



in discussions with [the insured] [because] any negotiations and any activities that took place were subject to repeated representations that [the insurer] was not waiving any policy defenses") (punctuation omitted). We note that this holding also applies to Shingler's third and separate enumeration that GFB waived the one-year limitation provision by making promises to pay certain items.